UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN J. ALBERS,

    Plaintiff,

v.                                            Case No: 6:13-cv-501-Orl-28TBS

GREGORY FUTCH, SARGENT SHAW,
LIEUTENANT FISHER,
CORRECTIONAL OFFICER RUEZ,
CORRECTIONAL OFFICER
CARABELLO, LIEUTENANT ADAMS,
CAPTAIN GAINS, CORRECTIONAL
OFFICER THOMAS, CORRECTIONAL
OFFICER ALSTON, CORRECTIONAL
OFFICER CHAVEZ, CORRECTIONAL
OFFICER GULLESSBIE, DOCTOR
WEINBERGER and OSCEOLA COUNTY
MANAGER,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Stephen J. Albers' motion to proceed *in forma pauperis*. (Doc. 2). Upon consideration of Plaintiff's motion and a *sua sponte* analysis of his Complaint (Doc. 1), I respectfully recommend that Plaintiff's motion be denied and that Plaintiff's Complaint be dismissed.

    I.    **Background**

Plaintiff's claims arise from his May 11, 2009 arrest and subsequent detention and conviction. Since then, he has filed 20 cases in this Court, all stemming from his confinement, most of which were dismissed. See Albers v. Hansell, 6:13-cv-496-19DAB (Doc. 3 at 2) (collecting cases). The particular facts of this Complaint are repeated from previous actions. See id. (Doc. 1) (report recommending dismissal pending); Albers v.

Futch, 6:11-cv-387-MSS-KRS (Doc. 1) (dismissed as duplicative); Albers v. Futch, 6:11-cv-584-28DAB (Doc. 1) (dismissed for failure to state a claim, failure to comply with Court's order); Albers v. Futch, 6:11-cv-915-28DAB (Doc. 19) (dismissed for failure to state a claim); see also Albers v. Hansell, 6:13-cv-496 (Doc. 3 at 2) (collecting cases).

## II.  Analysis

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. See id. A claim will be considered frivolous only if it is "without arguable merit." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting Harris v. Menendez, 817 F.2d 737, 739 (11th Cir. 1987)). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." Clark v. Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990).

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication

that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Plaintiff has had numerous prior opportunities to allege his claims. As Judge Scriven noted in dismissing No. 6:11-cv-387, and as repeated by Magistrate Judge Baker in his report and recommendation of dismissal now pending in No. 6:13-cv-496:

> "A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims." Crisalfi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981). Such a duplicative complaint that is filed by a plaintiff proceeding in forma pauperis may be dismissed. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir.), cert. denied, 423 U.S. 896 (1975).

See also Verner-Buchowski v. Beary, No. 6:09-cv-1966-31GJK, 2009 WL 4730544 *1 (M.D. Fla. Dec. 7, 2009) ("Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. section 1915 as malicious."); Hakim v. Levinson, Civil No. 09-5533, 2010 WL 1705773 *1 (D.N.J. Apr. 26, 2010) ("Complaints may be dismissed as frivolous when they seek to relitigate claims alleging substantially the same facts arising from a common series of events which were previously dismissed.").

Plaintiff has had numerous opportunities to plead and prosecute the claims he is attempting to assert in this action. Upon review, I find the current Complaint to be duplicative and abusive and therefore, **RESPECTFULLY RECOMMEND** the Court deny Plaintiff's motion to proceed in forma pauperis (Doc. 2); dismiss his Complaint (Doc. 1); and direct the Clerk to close the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on April 9, 2013.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Unrepresented Party